UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 24-1753-KK-SHKx** | Date: | August 20, 2024 |
| Title: | *Robert Martin v. Citibank, NA* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (In Chambers) ORDER TO SHOW CAUSE Regarding Subject Matter Jurisdiction and Sanctions**

On February 22, 2024, plaintiff Robert Martin ("Plaintiff"), proceeding pro se, filed a Complaint against defendant Citibank, NA ("Defendant") in San Bernardino County Superior Court, alleging Defendant "froze[]" Plaintiff's bank account and Plaintiff no longer has access to deposited funds.  ECF Docket No. ("Dkt.") 1 at 7-13.  Plaintiff seeks $8,600 in actual damages and $10 million in punitive damages.  Id. at 12-13.  On August 16, 2024, Defendant removed the action to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Id. at 1-3.

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Thus, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists," and may raise the issue "on its own initiative, at any stage in the litigation[.]"  Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 514 (2006).  The party asserting federal jurisdiction bears the burden of proving jurisdiction exists.  Me. Cmty. Health Options v. Albertsons Cos., 993 F.3d 720, 723 (9th Cir. 2021).

Under 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over a civil action where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  With respect to the parties' citizenship, an individual is deemed to be a citizen of the state where they are domiciled, see Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983), and a corporation is deemed to be a citizen of the state where it is incorporated and the state where it has its principal place of business, 28 U.S.C. § 1332(c)(1).  With respect to the amount in controversy, "the sum claimed by the plaintiff [in the complaint] controls if the claim is apparently

made in good faith." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (internal quotation marks omitted). However, a "facially implausible figure does not satisfy the amount in controversy requirement." Parker v. U.S. Bank Trust, N.A., No. CV 20-9697-ODW-RAOx, 2020 WL 7479633, at *2 (C.D. Cal. Dec. 18, 2020).

Here, Defendant has not met its burden of establishing the Court has jurisdiction over this action. As an initial matter, Defendant has not adequately alleged its citizenship. While Defendant indicates its "main office is in Sioux Falls, South Dakota," dkt. 1 ¶ 5.b, Defendant fails to identify its state of incorporation.

In addition, the Court is not persuaded Plaintiff's claim for punitive damages in the amount of $10 million is sufficiently plausible to satisfy the amount in controversy requirement. See Redford v. Greendot Corp., No. CV 20-3260-JGB-PVCx, 2021 WL 785147, at *7 (C.D. Cal. Jan. 14, 2021) ("[W]hen the amount in controversy depends largely on alleged punitive damages, the court will scrutinize a claim more closely than a claim for actual damages to ensure Congress's limits on diversity jurisdiction are properly observed. . . . The mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." (internal quotation marks, brackets, and ellipsis omitted)), report and recommendation adopted, 2021 WL 784955 (C.D. Cal. Feb. 26, 2021). In fact, Plaintiff's requested punitive damages amount to over 1,000 times Plaintiff's alleged actual damages – a ratio that is unlikely to be found constitutionally acceptable. See dkt. 1 at 12-13; see also BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 580, 583 (1996) (holding punitive damages "must bear a reasonable relationship to compensatory damages" and, "[w]hen the ratio [of punitive to compensatory damages] is a breathtaking 500 to 1, . . . the award must surely raise a suspicious judicial eyebrow" (internal quotation marks omitted)).

Accordingly, Defendant is **ORDERED TO SHOW CAUSE** in writing why this action should not be remanded for lack of subject matter jurisdiction, and why Defendant and defense counsel should not be sanctioned in the amount of $500.00 each for improperly removing this action. See FED. R. CIV. P. 11(c)(3). Defendant shall file a response to this Order **no later than seven days from the date of this Order**.

**Defendant is expressly warned that failure to timely file a response to this Order will result in this action being remanded for lack of subject matter jurisdiction and may also result in monetary sanctions.**

**IT IS SO ORDERED.**