JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-1753-KK-SHKx** | Date: | August 29, 2024 |
|---|---|---|---|

| Title: | *Robert Martin v. Citibank, NA* |
|---|---|

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) ORDER Remanding Action for Lack of Subject Matter Jurisdiction**

I.
**BACKGROUND**

On February 22, 2024, plaintiff Robert Martin ("Plaintiff"), proceeding pro se, filed a Complaint against defendant Citibank, NA ("Defendant") in San Bernardino County Superior Court, alleging Defendant "froze[]" Plaintiff's bank account and Plaintiff no longer has access to deposited funds. ECF Docket No. ("Dkt.") 1 at 7-13. Plaintiff seeks $8,600 in actual damages and $10 million in punitive damages. Id. at 12-13.

On August 16, 2024, Defendant removed the action to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. Id. at 1-3.

On August 20, 2024, the Court issued an Order to Show Cause why this action should not be remanded for lack of subject matter jurisdiction on the grounds (1) Defendant fails to adequately allege its citizenship, and (2) Plaintiff's claim for $10 million in punitive damages is not sufficiently plausible to satisfy the amount in controversy requirement. Dkt. 8. The Court further ordered Defendant to show cause why Defendant and defense counsel should not be sanctioned in the amount of $500.00 each for improper removal. Id.

On August 27, 2024, Defendant filed a Response to the Court's August 20, 2024 Order to Show Cause. Dkt. 14. First, Defendant indicates it is a national banking association and, therefore, "is a citizen only of the state in which its main office is located[,]" which is South Dakota. Id. at 2

---

**CIVIL MINUTES—GENERAL**

(quoting Rouse v. Wachovia Mortg., FSB, 747 F.3d 707, 715 (9th Cir. 2014)). Second, Defendant argues "Plaintiff's contentions that his [] ability to take care of himself and his two dependents was [] affected by his inability to access his bank account may, if established, be sufficient basis for an award of punitive damages in an amount to satisfy the" amount in controversy requirement. Id. at 4.

## II.
## LEGAL STANDARD

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Thus, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists," and may raise the issue "on its own initiative, at any stage in the litigation[.]" Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 514 (2006).

Pursuant to 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction. Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.; see also Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008) (holding "any doubt" as to the propriety of removal "is resolved against removability"). The party seeking removal bears the burden of establishing removal is proper by a preponderance of the evidence. Naffe v. Frey, 789 F.3d 1030, 1040 (9th Cir. 2015).

## III.
## DISCUSSION

### A.    APPLICABLE LAW

Under 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over a civil action where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. With respect to the amount in controversy, "the sum claimed by the plaintiff [in the complaint] controls if the claim is apparently made in good faith." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (internal quotation marks omitted). However, a "facially implausible figure does not satisfy the amount in controversy requirement." Parker v. U.S. Bank Trust, N.A., No. CV 20-9697-ODW-RAOx, 2020 WL 7479633, at *2 (C.D. Cal. Dec. 18, 2020).

"[W]hen the amount in controversy depends largely on alleged punitive damages, the court will scrutinize a claim more closely than a claim for actual damages to ensure Congress's limits on diversity jurisdiction are properly observed." Redford v. Greendot Corp., No. CV 20-3260-JGB-PVCx, 2021 WL 785147, at *7 (C.D. Cal. Jan. 14, 2021), report and recommendation adopted, 2021 WL 784955 (C.D. Cal. Feb. 26, 2021). "[T]he mere fact that a plaintiff seeks punitive damages is not sufficient, standing alone, to establish that the amount in controversy exceeds the jurisdictional threshold." Baker-Olson v. Olson, No. 12-CV-2620-L-BGS, 2013 WL 5963094, at *3 (S.D. Cal. Nov. 7, 2013).

///

**B.      ANALYSIS**

Here, Defendant has not met its burden of proving the Court has jurisdiction over this action, because Defendant has not established the amount in controversy exceeds $75,000.  Plaintiff seeks $8,600 in actual damages.  Dkt. 1 at 12.  Thus, Defendant must show the amount of punitive damages in this matter could plausibly exceed $66,400 – i.e., nearly eight times the amount of Plaintiff's alleged actual damages.  However, Defendant presents no argument or evidence supporting the plausibility of such an award under the circumstances of this case.  See Munoz v. Target Corp., No. CV 17-8133-RGK-MRWx, 2017 WL 5634238, at *2 (C.D. Cal. Nov. 21, 2017) (remanding case where removing defendants "offered no evidence to support [a punitive damages] award over four time[s] the amount of estimated back pay" and, thus, failed to demonstrate the amount in controversy requirement was satisfied); see also Exxon Shipping Co. v. Baker, 554 U.S. 471, 498-99 (2008) ("[B]y most accounts the median ratio of punitive to compensatory awards has remained less than 1:1.").

Hence, because Defendant has not shown Plaintiff's damages plausibly exceed $75,000, Defendant has not satisfied its burden of proving the existence of diversity jurisdiction by a preponderance of the evidence.[1]  Accordingly, this action must be remanded for lack of subject matter jurisdiction.

**IV.**
**CONCLUSION**

For the reasons set forth above, this action shall be **REMANDED** to state court.  (JS-6)

**IT IS SO ORDERED.**

---

[1] In light of Defendant's Response to the Court's August 20, 2024 Order to Show Cause, dkt. 14, the Court declines to sanction Defendant or defense counsel for improper removal.